## HUDSON et al. v. STATE INDUSTRIAL COMMISSION.

No. 17322—Opinion Filed Dec. 21, 1926.

Rehearing Denied Jan. 25, 1927.

(Syllabus.)

1. **Master and Servant—Workmen's Compensation Law—Award for Loss of Hand and for Permanent Loss of Use of Hand.**

Section 7290, C. O. S. 1921, permits allowance of an injured employee for the loss of a hand and also for the permanent loss of the use of a hand. The amount in each case is the same.

2. **Same—Finding Sustained as to Permanent Loss of Use of Hand.**

The claimant prayed an allowance for the permanent loss of the use of a hand. The statute means the permanent and entire loss of the use of a hand as to the use to which a hand is ordinarily and customarily placed. This was a question of fact found in claimant's favor, and there being evidence to support it, this court cannot disturb the award.

Original Petition to Review an Award of the Industrial Commission.

Action by J. H. Hudson and another to review award of workman's compensation. Award affirmed.

Cheek & McRill, for petitioners.

George F. Short, Atty. Gen., and Fred Hansen, Asst. Atty. Gen., for respondents.

BRANSON, V. C. J. We have before us a petition filed in this court to review an award of the State Industrial Commission. Therewith is the record on which the judgment of the Commission granting the award was entered.

The judgment of the Industrial Commission here sought to be reviewed was that the claimant should receive compensation for the permanent loss of the use of a hand.

The petitioners in this court are the employer and insurance carrier. Their position is that the claimant lost four fingers of his right hand and suffered no other injury; that the statute provides a specific compensation for such an injury, and that since the judgment of the Industrial Commission allowed a greater compensation than the statute allows for the mere loss of four fingers, it is erroneous.

No one will dispute that if the claimant lost four fingers only, and the compensation allowed should have been allowed for that loss only; or, if the compensation allowed for the permanent loss of the use of a hand.

wás not warranted by the facts, the allegations of the petition and its prayer for relief should be sustained by this court.

The statutes as interpreted by this court on which, upon the evidence, the Industrial Commission reached its conclusion, do not leave the rights of an injured claimant entirely at sea. The claim in the instant case was for the permanent loss of the use of a hand. Whether the claimant lost the permanent use of a hand was primarily a question of fact presented to and adjudged by the Commission. It involved also a construction of what the statute in fact means by the permanent loss of the use of a hand. In arriving at this meaning, the lawmakers evidently intended that the Commission should take into consideration the use to which a hand is ordinarily placed in the conduct of the affairs of life. The Commission knew no more than the average person as to this; neither can it be presumed that the Commission knew less than the average person as to this. The statute means the permanent and entire loss of the use of a hand as to the use to which a hand is usually placed. If four fingers alone were lost by reason of an accident, but the remainder of the hand as a matter of fact could be utilized to bring about many of the purposes to which the hand is ordinarily placed, though perhaps with not as much convenience as if the fingers had not been lost, then the specific compensation for the loss of fingers only was evidently intended by the statute to be compensation to be allowed for such injury.

But it appears in this case, and no witness disputes the fact, that the injury went to the extent that not only were four fingers amputated, but the palm of the right hand was amputated. This loss was reported to the Industrial Commission by the employee, the employer, and the insurance carrier. It appears further in detail that the four fingers were not merely lost, but the hand was amputated, and necessarily so. between the knuckles and the wrist. The attending physician in reply to questions stated, as to the direct fact controlling here, as follows:

"Q. Describe treatment? A. Amputation of four fingers and palm of right hand. Q. Has the injury resulted in permanent disability? A. Yes. Q. If so, what? A. Loss of four fingers and palm of hand."

While it appears the thumb was not injured. it also appears that it could not articulate with any part of the palm of the hand, and as the record shows, it could only be used in the nature of a hook. Under these undisputed facts, we do not consider it amiss to ask ourselves, Could what was left be placed to use as a hand, as a hand is ordinarily considered useful? The statute provides the allowance to be made by the Commission for the permanent loss of the use of a hand, the same as the loss of a hand. The claimant shows he sustains such a loss, as we interpret the statute. What was left, if usable at all, was not as a hand is used as commonly understood, and certainly the Legislature in awarding compensation for the permanent loss of the use of the hand meant the use of the hand as a hand is customarily and ordinarily used. The words "use of the hand" are that on which the statute places the emphasis. Such a use as was in the mind of the Legislature was certainly lost in the instant case. We therefore reach the conclusion that the award of the Industrial Commission, under the facts. did not do violence to the provision of the statute, and we cannot disturb such finding on the petition to review the same now before us.

NICHOLSON, C. J.. and MASON, HARRISON, PHELPS, LESTER, CLARK. and RILEY, JJ., concur.